**Ragip KADRIC, Petitioner,**

v.

**John ASHCROFT, Attorney General, United States Department of Justice, Respondent.**

**No. 02–71998.**
**INS No. A70–531–113.**

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2004.[*]

Decided March 12, 2004.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Peter L. Ashman, Esq., Las Vegas, NV, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, U.S. Immigration & Naturalization Service, Office of the District Counsel, Phoenix, AZ, OIL, Russell J.E. Verby, Anh–Thu P. Mai, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HALL and GRABER, Circuit Judges, and WEINER,** Senior District Judge.

---

** The Honorable Charles R. Weiner, Senior Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

MEMORANDUM***

Petitioner Ragip Kadric, a native of the former Yugoslavia, petitions for review of an order of the Board of Immigration Appeals, affirming without opinion an order of an immigration judge (IJ) denying Petitioner's applications for asylum and withholding of deportation.

■ 1. Substantial evidence in the record supports the IJ's finding that Petitioner was not credible. For example, although Petitioner claimed to be a practicing Muslim, and his asylum application claimed persecution on account of his Muslim religion, he was unable to name the Muslim sect to which he belonged or the mosque he said he attended. When an applicant claims asylum on the basis of religious persecution, inconsistencies that go to the sincerity of the applicant's religious beliefs may support an adverse credibility finding. *Mejia–Paiz v. INS*, 111 F.3d 720 (9th Cir.1997).

■ 2. Substantial evidence supports the IJ's finding that Petitioner did not suffer past persecution even if he were credible. The receipt of failing grades from Serbian professors, while discriminatory, does not necessarily rise to the level of persecution. Although Petitioner testified that an unidentified group threw rocks and bottles at him when he left a "Muslim church" with his family, nothing in this record suggests that–assuming the incident occurred–the persons responsible were part of the government or that the government was unwilling or unable to control such incidents. An incident that involved a friend, while it could be relevant to a fear of future persecution, does not

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

show that Petitioner himself suffered past persecution. Finally, Petitioner's desire to avoid being drafted does not show that the draft amounted to past persecution. *INS v. Elias–Zacarias,* 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

3. Because the evidence did not compel a finding of past persecution, Petitioner is not entitled to a presumption that he has a well-founded fear of future persecution. *Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003). The evidence in the record does not compel a finding that Petitioner has a well-founded fear of future persecution because, among other things, the IJ permissibly found that Petitioner did not credibly demonstrate that his fear was based on "an individualized rather than generalized risk of persecution." *Id.*

4. The BIA's streamlining procedure did not violate Petitioner's right to due process. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 852 (9th Cir.2003). Petitioner speculates that the BIA rested its decision on facts outside the administrative record, but the BIA's affirmance of the IJ's decision suggests that the BIA was approving only the IJ's findings and conclusions, which were based on the record.

PETITION DENIED.