**Abdourahmane DIACK, Petitioner,**

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

No. 03–3360.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2004.

Mark M. Nesbit, Nesbit Law Firm, Columbus, OH, for Petitioner.

Lisa A. Watts, U.S. Department of Justice, Washington, DC, for Respondents.

Before BOGGS, Chief Judge; GUY, Circuit Judge; and STEEH, District Judge.[*]

## ORDER

Abdourahmane Diack has filed a petition for judicial review of an order of the Board of Immigration Appeals ("BIA"), which summarily affirmed an immigration judge's finding that he was subject to removal as an illegal alien. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

Diack is a native and citizen of Mauritania, who left that country in 1989 and entered the United States without authorization in 2001. He later admitted removability and applied for asylum, the withholding of removal, and relief under the United Nations Convention Against Torture. Diack alleged that Mauritanian authorities confiscated his property, detained him for three days, and forcibly expelled him from the country. An immigration judge ("IJ") found that Diack's testimony was credible. However, he also found that Diack was not entitled to relief because the conditions in Mauritania had improved. Our analysis is focused on the IJ's decision, as it was affirmed by the BIA "without opinion" on February 10, 2003. *See Denko v. INS*, 351 F.3d 717, 726 (6th Cir.2003).

Diack now argues that the BIA abused its discretion by affirming the IJ's decision without issuing a reasoned opinion, because it did not follow the regulatory criteria for applying a streamlined appeals procedure to his case. *See generally* 8 C.F.R. § 1003.1(a)(7) (2003). He argues that the IJ reached an incorrect result and made material errors in finding that he did not have a well-founded fear of future persecution.

Our court has upheld the BIA's streamlined appeals procedure against both administrative law and due process challenges. *Denko*, 351 F.3d at 727–30 & n. 10. Judicial review is not compromised by this procedure because we analyze the IJ's decision directly when the BIA streamlines its review of a case under § 1003.1(a)(7). *Id.* at 730. Our examination of the IJ's decision does not reveal any grounds that would preclude a streamlined administrative appeal in Diack's case. *See id.* at 731–32.

Diack's current brief does not contain any clear challenge to the IJ's decision to deny his claim under the Convention Against Torture. Therefore, he has abandoned that claim for purposes of judicial review. *See United States v. Mick*, 263 F.3d 553, 567 (6th Cir.2001).

---

[*] The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

To obtain asylum, Diack must show not only that he is a refugee, but also that his application merits a favorable exercise of administrative discretion. *See Mikhailevitch v. INS,* 146 F.3d 384, 389 (6th Cir. 1998). A refugee is an alien who is unable or unwilling to return to his country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). A petition for judicial review should not be granted unless the evidence is so compelling that every reasonable adjudicator would have to find the requisite fear of persecution. *Koliada v. INS,* 259 F.3d 482, 486 (6th Cir.2001). Moreover, the IJ's determination as to whether an asylum application merits a favorable exercise of administrative discretion is conclusive, unless it is "manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D).

To qualify for the withholding of removal, Diack must show a "clear probability of persecution." *INS v. Stevic,* 467 U.S. 407, 430, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984). Since that standard is stricter than the standard for asylum, the failure to show that he is eligible for asylum will also indicate that he is not entitled to the withholding of removal. *See Mikhailevitch,* 146 F.3d at 391.

The IJ found that Diack would not meet the statutory definition of a refugee, even if his testimony were credible. This finding was consistent with information from the State Department, which indicates that conditions in Mauritania have improved for returning refugees since Diack left the country, even though the government's human rights record is still generally poor. Diack now argues that this finding is not supported by substantial evidence, as it is contradicted by other portions of the State Department Report. However, he has not shown that every reasonable adjudicator would be compelled to reach a different conclusion than the IJ. *See* 8 U.S.C. § 1252(b)(4)(B); *Koliada,* 259 F.3d at 487–88. Thus, Diack has not presented evidence that would compel a finding that he is a refugee based upon a well-founded fear of future persecution.

In addition, the IJ plainly indicated that Diack's past persecution was not so severe that it would justify a favorable exercise of administrative discretion. The IJ's ruling on this point is conclusive because Diack has not shown that it is "manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D). Since Diack has not established eligibility for asylum, he is necessarily unable to meet the more rigorous standard that is required for the withholding of removal. *See Koliada,* 259 F.3d at 489.

Accordingly, the petition for judicial review is denied.