NOT RECOMMENDED FOR PUBLICATION
File Name: 04a0180n.06
Filed: December 20, 2004

**No. 03-3184**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

SHUEH WEN ZHENG,                                    )
                                                    )
        Petitioner,                                 )
                                                    )
v.                                                  )        ON APPEAL FROM THE BOARD
                                                    )        OF IMMIGRATION APPEALS
                                                    )
JOHN ASHCROFT, Attorney General of the United       )
States,                                             )
                                                    )
        Respondent.                                 )

---

Before: **SILER, SUTTON, and FARRIS,** [*] **Circuit Judges.**

   **SILER**, Circuit Judge.  Petitioner Shueh Wen Zheng appeals the decision of the Board of

Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ"), who denied

her applications for asylum, withholding of removal, and protection under the Convention Against

Torture ("CAT").  She claims that her case was inappropriately affirmed without opinion and that

substantial evidence does not support the IJ's adverse credibility finding.  We **AFFIRM**.

**I.  BACKGROUND**

   Zheng, a Chinese national, entered the United States illegally in June 2000 and was

interviewed at the airport.   During the airport interview, she stated that she came to the United

States to obtain a job, and she did not express fear of returning to China.  At her credible fear

---

   [*]The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by
designation.

interview, however, she stated that she feared persecution based on her Catholic faith. She told the officers that her mother was arrested during an Easter ceremony at her family's "underground" church in April 2000. Although she claimed to be Catholic, she had difficulty answering questions about her faith.

In her application for asylum, she stated for the first time that the police interrupted a Christmas Mass in 1999 and arrested her mother. She also stated that the following Easter, not only her mother but also her father, the priest, and several others were arrested during the service. Zheng talked to her father after his release, and he told her that the police were looking for her. At the time of Zheng's hearing, her mother had not yet been released. At Zheng's hearing, she admitted that she rarely attended Mass and that she had not bought a Bible in Chinese. When asked why she did not tell officers about her mother's 1999 arrest or her father's arrest in 2000, she stated that she "forgot." She also explained that she was "giddy" when she told airport officials that she came to the United States to find a job.

The IJ denied Zheng's application because she was incredible. The IJ was troubled by the following: 1) inconsistencies between Zheng's airport interview, credible fear interview, asylum application, and live testimony; 2) Zheng's inability to lay a foundation for her documentary evidence, and 3) her lack of knowledge of the Catholic faith and lack of interest in practicing her faith since moving to the United States. The BIA affirmed the decision of the IJ without opinion pursuant to 8 C.F.R § 1003.1(e)(4) (2002).

## II. DISCUSSION

Determinations of the BIA "must be upheld if supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (citation omitted). We cannot overturn the decision of the BIA simply because we would have decided the case differently. *Klawitter v. INS*, 970 F.2d 149, 151-52 (6th Cir. 1992). Furthermore, we can only reverse a decision of the BIA if the evidence "compels" such a reversal. *Mikhailevitch v. INS*, 146 F.3d 384, 388 (6th Cir. 1998). Because the BIA summarily affirmed the decision of the IJ, we review the decision of the IJ. *Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004).

## A. Use of Streamlining Procedure

Zheng first challenges the decision of the BIA to streamline this case, claiming that the dispute does not satisfy the BIA's internal criteria for streamlining challenges to an immigration judge's decision. In *Denko v. INS*, 351 F.3d 717, 731-32 (6th Cir. 2003), our court assumed without deciding that the decision to streamline may be reviewed. We have considerable doubt about this assumption. *Ngure v. Ashcroft*, 367 F.3d 975, 984-85 (8th Cir. 2004) (holding that a BIA decision to affirm without opinion was unreviewable and noting that the regulation allowing for streamlining is "not unlike this court's Rule 47B, which provides that a judgment may be affirmed without opinion in certain circumstances. . . . It has never been thought that the Supreme Court would review the propriety of this court's decision to affirm a district court without opinion."); *see also ICC v. Locomotive Engineers*, 482 U.S. 270, 279 (1987) (A court would be forced to review "the same substance that would have been brought there by appeal from the original order–but asks them to review it on the strange, one-step removed basis of whether the [original] agency decision is not only

unlawful, but *so* unlawful that the refusal to reconsider is an abuse of discretion."). Nonetheless, we need not resolve the point today. Even assuming that such internal administrative decisions may be reviewed by the courts, the BIA's criteria for streamlining this case–e.g., the issues on appeal are "squarely controlled" by existing law and are not "so substantial" as to require a written opinion, 8 C.F.R. § 1003.1(e)(4)–have been satisfied.

The decision of the IJ is not incorrect because it is supported by substantial evidence. *See Diack v. Ashcroft*, 2004 WL 2203562, at *1 (6th Cir. Sept. 17, 2004) (court's review of IJ's decision did not reveal any grounds to preclude streamlining). Furthermore, this case involves asylum regulations that have been consistently applied. Zheng argues that airport statements need to be given special consideration, and that this is a novel question of law. Even if this were novel at the time of Zheng's appeal, in *Yu v. Ashcroft*, 364 F.3d 700, 704 (6th Cir. 2004), we held that these types of inconsistencies can support an adverse credibility finding. Finally, none of these issues required a written opinion from the BIA, so the decision to streamline was not improper.

**B. Eligibility for Asylum**

The Attorney General can grant asylum to any alien who qualifies as a "refugee," 8 U.S.C. § 1158(a) & (b), or someone unable or unwilling to return to her home country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular group, or political opinion." 8 U.S.C. § 1101 (a)(42)(A). Zheng must prove that this fear is both "subjectively genuine and objectively reasonable." *Daneshvar v. Ashcroft*, 355 F.3d 615, 623 (6th Cir. 2004). Credibility determinations are findings of fact subject to the substantial evidence test. *Yu*, 364 F.3d at 703. Because the IJ determined that Zheng was not

a credible applicant, this determination must be upheld unless the record compels a contrary finding. *See id.*

The existence of inconsistent statements can be used to support the IJ's adverse credibility finding, especially if the inconsistencies go to the heart of the asylum claim. *Id.* Zheng's case involves numerous inconsistencies among her airport interview, credible fear interview, asylum application, and live testimony, many of which relate to the heart of her claim.[1]

The IJ's decision was also based on the fact that Zheng received her national identity card after the government was trying to apprehend her. Because Zheng could not explain how she received these documents, the IJ viewed them with caution. Although the existence of documents obtained after an applicant leaves her home country is an insufficient basis on which to deny an asylum claim, *see Perkovic v. INS*, 33 F.3d 615, 623 (6th Cir. 1994), the IJ in this case used the documentary evidence in conjunction with other evidence to determine Zheng's credibility. The IJ also doubted the authenticity of a letter supposedly written by Zheng's father's because it was not dated, and Zheng could not lay a foundation for it.

Finally, the IJ was concerned about Zheng's lack of knowledge of her own faith. Zheng claimed that her family read Scripture each week, but she could not answer questions on the basic

---

[1]Zheng urges us to adopt the Third Circuit's analysis in *Balasubramanrim v. INS*, 143 F.3d 157 (3d Cir. 1998). The case at hand is distinguishable. In *Balasubramanrim*, the Board made its determination based almost exclusively on inconsistencies between the airport statement and the hearing, and the applicant was not afforded a translator at the airport interview. *Id.* at 162, 163. Zheng, however, did have an interpreter with her at the airport interview, and the IJ had additional grounds on which to base the credibility finding. Furthermore, our decision in *Yu* addresses the matter at hand.

teachings of the Bible.  She also only attended Mass a couple of times since moving to the United

States, and she did not buy a Chinese Bible.[2]  Because Zheng's application for asylum was based

on religious persecution, her lack of knowledge and failure to practice her religion substantially

support the IJ's adverse credibility finding.  *See Kadric v. Ashcroft*, 93 Fed. Appx. 137, 2004 WL

500997, at *1 (9th Cir. Mar. 10, 2004) (petitioner's lack of knowledge of Muslim faith and inability

to name his religious sect and mosque support adverse credibility finding); *Chen v. Ashcroft*, 85 Fed.

Appx. 44, 2003 WL 23098584, at *1-2 (9th Cir. Dec. 19, 2003) (applicant's scant knowledge of her

religion and nonattendance at services support adverse credibility finding).

Sufficient evidence exists supporting the IJ's findings.  Because Zheng is incredible, she has

not met her burden of proof for her asylum claim.  The evidence does not compel a reversal.  Zheng

failed to prove eligibility for asylum, so she cannot satisfy the higher burdens of proof associated

with her claims for withholding of removal and under the CAT.  *See Daveshvar v. Ashcroft*, 355

F.3d 615, 625 (6th Cir. 2004).

**AFFIRMED.**

---

[2]Petitioner's counsel's argument that Zheng may have "simply not have been committed to maintaining her faith" is counterintuitive.  Zheng's only argument for asylum is that she was persecuted based on her tightly-held religious belief.  Her argument would be severely undercut if she somehow "lost her faith" since coming to the United States.